1  | Mark Yablonovich (SBN 186670)
2  | Marc Primo (SBN 216796)
   | Matthew T. Theriault (SBN 244037)
3  | Lory Ishii (SBN 242243)
4  | Dina Livhits (SBN 245646)
   | Initiative Legal Group LLP
5  | 1800 Century Park East, 2nd Floor
6  | Los Angeles, California 90067
   | Telephone: (310) 556-5637
7  | Facsimile: (310) 861-9051
8  | Email: MPrimo@InitiativeLegal.com
   | Attorneys for Plaintiff SONYA WILLIAMS

9

BY
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
2008 APR 18 PM 2:22
FILED

10                **UNITED STATES DISTRICT COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

**CV08-02582 GW (AGRx)**

13  | SONYA WILLIAMS, individually, and
14  | on behalf of other members of the general
    | public similarly situated,

Case Number:

15

**COMPLAINT FOR CLASS ACTION**

16  |              Plaintiff,

(1) Violation of California Labor Code
17  |     vs.

§§ 201 and 202 (Wages not Paid Upon
Termination);

18

19  | VEOLIA TRANSPORTATION
    | SERVICES, INC., a Maryland
20  | Corporation; and DOES 1 through 10,
    | inclusive,

(2) Violation of California Labor Code
§ 204 (Failure to Pay Wages);

21

(3) Violation of California Labor Code
22  |              Defendants.

§§ 226.7 and 512(a) (Denial of Meal
Periods);

23

24

(4) Violation of California Labor Code
§ 226.7 (Denial of Rest Periods);

25

26

(5) Violation of California Labor Code
§ 226(a) (Improper Wage Statements);

27

28

(6) Violation of California Business &
Professions Code §§ 17200, et seq.

-1-
CLASS ACTION COMPLAINT

1

**DEMAND FOR JURY TRIAL**

2

3    Plaintiff, individually and on behalf of all other members of the public

4   similarly situated, alleges as follows:

5              **JURISDICTION AND VENUE**

6      1.    This Court has original jurisdiction over the subject matter of this action

7   pursuant to 28 U.S.C. §§ 1331-1332.  The Court has supplemental jurisdiction over

8   the state law claims pursuant to 28 U.S.C. § 1367.  Plaintiff alleges, on information

9   and belief, that the aggregate amount in controversy for this class action exceeds

10   five million dollars ($5,000,000.00) exclusive of interest and costs, that the class is

11   greater than one-hundred (100) members, and that any one plaintiff is a citizen of a

12   state different from that of any defendant.  See Class Action Fairness Act

13   ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005).

14      2.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (b)

15   because Defendants maintain offices, have agents and are licensed to and do transact

16   business in this district.

17              **THE PARTIES**

18      3.    Plaintiff SONYA WILLIAMS (hereinafter "Plaintiff") is a resident of Los

19   Angeles County in the State of California.

20      4.    Defendant VEOLIA TRANSPORTATION SERVICES, INC. was and is,

21   upon information and belief, a Maryland corporation doing business, and at all times

22   hereinafter mentioned, an employer whose employees are engaged throughout this

23   county, the State of California, or the various states of the United States of America.

24      5.    Plaintiff is unaware of the true names or capacities of the Defendants sued

25   herein under the fictitious names DOES 1-10, but prays for leave to amend and

26   serve such fictitiously named Defendants once their names and capacities become

27   known.

28

6.    Plaintiff is informed and believes, and thereon alleges, that DOES 1-10 are the partners, agents, owners, shareholders, managers or employees of VEOLIA TRANSPORTATION SERVICES, INC., and were acting on behalf of VEOLIA TRANSPORTATION SERVICES, INC.

7.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, VEOLIA TRANSPORTATION SERVICES, INC. and DOES 1-10 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent the official policy of, Defendants.

8.    At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

9.    Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## **CLASS ACTION ALLEGATIONS**

10.    Plaintiff brings this action on her own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3).

11.    All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

12.    The proposed class consists of and is defined as:

All non-exempt or hourly paid employees who have been employed by Defendants in the State of California within four years prior to the filing of this complaint until resolution of this lawsuit.

13.    There is a well defined community of interest in the litigation and the class

-3-

1   is easily ascertainable:

2        a.    <u>Numerosity</u>: The members of the class (and each subclass, if any) are

3   so numerous that joinder of all members would be unfeasible and impractical. The

4   membership of the entire class is unknown to Plaintiff at this time, however, the

5   class is estimated to be greater than one-hundred (100) individuals and the identity

6   of such membership is readily ascertainable by inspection of Defendants'

7   employment records.

8        b.    <u>Typicality</u>: Plaintiff is qualified to, and will, fairly and adequately

9   protect the interests of each class member with whom she has a well defined

10  community of interest, and Plaintiff's claims (or defenses, if any) are typical of all

11  class members' as demonstrated herein.

12       c.    <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately,

13  protect the interests of each class member with whom she has a well-defined

14  community of interest and typicality of claims, as alleged herein. Plaintiff

15  acknowledges that she has an obligation to make known to the Court any

16  relationship, conflicts, or differences with any class member. Plaintiff's attorneys

17  and the proposed class counsel are versed in the rules governing class action

18  discovery, certification, and settlement. Plaintiff has incurred, and throughout the

19  duration of this action will continue to incur costs and attorneys' fees that have

20  been, are, and will be necessarily expended for the prosecution of this action for the

21  substantial benefit of each class member.

22       d.    <u>Superiority</u>: The nature of this action makes the use of class action

23  adjudication superior to other methods. Class action will achieve economies of

24  time, effort and expense as compared with separate lawsuits, and will avoid

25  inconsistent outcomes because the same issues can be adjudicated in the same

26  manner and at the same time for the entire class.

27       e.    <u>Public Policy Considerations</u>: Employers of the State violate

28  employment and labor laws every day. Current employees are often afraid to assert

-4-

their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

14.    There are common questions of law and fact as to the class (and each subclass, if any) that predominate over questions affecting only individual members, including but not limited to:

a.  Whether Defendants failed to promptly pay all wages due to Plaintiff and the other class members upon their discharge or resignation;

b.  Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

c.  Whether Defendants deprived Plaintiff and the other class members of meal periods or required Plaintiff and the class members to work during meal periods without compensation;

d.  Whether Defendants deprived Plaintiff and the other class members of rest periods or required Plaintiff and the class members to work during rest periods without compensation;

e.  Whether Defendants complied with wage reporting as required by the California Labor Code; including but not limited to § 226;

f.  Whether Defendants' conduct was willful or reckless;

g.  Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code §§ 17200, et seq.; and

h.  The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

\\

\\

CLASS ACTION COMPLAINT

**GENERAL ALLEGATIONS**

15.    At all times set forth, Defendants employed Plaintiff and other persons as non-exempt or hourly paid employees.

16.    Defendants employed Plaintiff as a Bus Driver, which is a non-exempt or hourly paid position, from on or about March 2007 to on or about November 2007, at the Los Angeles County, California business location.

17.    Defendants continue to employ non-exempt or hourly paid employees within California.

18.    Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees, and advisors knowledgeable about California and federal labor and wage law and employment and personnel practices, and about the requirements of California and federal law.

19.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all wages owed to them upon discharge.

20.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and class members' regular rate of pay when a meal period was missed.

21.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and class members' regular rate of pay when a rest period was missed.

22.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and other class members were entitled to receive complete and accurate wage statements in accordance with California law.

23.    Plaintiff is informed and believes, and thereon alleges that at all times

-6-

1  herein mentioned, Defendants knew or should have known that they had a duty to

2  compensate Plaintiff and other class members, and that Defendants had the financial

3  ability to pay such compensation, but willfully, knowingly, and intentionally failed

4  to do so, and falsely represented to Plaintiff and other class members that they were

5  properly denied wages, all in order to increase Defendants' profits.

6      24.   California Labor Code § 218 states that nothing in Article 1 of the Labor

7  Code shall limit the right of any wage claimant to "sue directly . . . for any wages or

8  penalty due him [or her] under this article."

9  **FIRST CAUSE OF ACTION**

10  **Violation of California Labor Code §§ 201 and 202**

11  **(Against all Defendants)**

12      25.   Plaintiff incorporates by reference and re-alleges as if fully stated herein

13  the material allegations set out in paragraphs 1 through 24.

14      26.   At all times herein set forth, California Labor Code §§ 201 and 202

15  provide that if an employer discharges an employee, the wages earned and unpaid at

16  the time of discharge are due and payable immediately, and that if an employee

17  voluntarily leaves his or her employment, his or her wages shall become due and

18  payable not later than seventy-two (72) hours thereafter, unless the employee has

19  given seventy-two (72) hours previous notice of his or her intention to quit, in which

20  case the employee is entitled to his or her wages at the time of quitting.

21      27.   During the relevant time period, Defendants willfully failed to pay

22  Plaintiff and the other class members who are no longer employed by Defendants

23  their wages, earned and unpaid, either at the time of discharge, or within seventy-

24  two (72) hours of their leaving Defendants' employ.

25      28.   Defendants' failure to pay Plaintiff and those class members who are no

26  longer employed by Defendants their wages earned and unpaid at the time of

27  discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is

28  in violation of California Labor Code §§ 201 and 202.

29.     <u>California Labor Code</u> § 203 provides that if an employer wilfully fails to pay wages owed, in accordance with §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

30.     Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to <u>California Labor Code</u> § 203.

## **SECOND CAUSE OF ACTION**

### **Violation of <u>California Labor Code</u> § 204**

### **(Against all Defendants)**

31.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 30.

32.     <u>California Labor Code</u> § 204 provides that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

33.     <u>California Labor Code</u> § 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

34.     <u>California Labor Code</u> § 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

35.     During the relevant time period, Defendants willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period

-8-

1  permissible by California Labor Code § 204.

2      36.    Plaintiff is informed and believes that Defendants are guilty of oppression,

3  fraud, or malice, thereby warranting an award of punitive damages against

4  Defendants for the sake of example, and to punish Defendants and deter others from

5  engaging in similar misconduct.

6                    **THIRD CAUSE OF ACTION**

7          **Violation of California Labor Code §§ 226.7 and 512(a)**

8                    **(Against all Defendants)**

9      37.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

10  the material allegations set out in paragraphs 1 through 36.

11      38.    At all times herein set forth, the California Industrial Welfare Commission

12  Order and California Labor Code §§ 226.7 and 512(a) were applicable to Plaintiff's

13  and the other class members' employment by Defendants.

14      39.    At all times herein set forth, California Labor Code § 226.7 provides that

15  no employer shall require an employee to work during any meal period mandated by

16  an applicable order of the California Industrial Welfare Commission.

17      40.    At all times herein set forth, California Labor Code § 512(a) provides that

18  an employer may not require, cause or permit an employee to work for a period of

19  more than five (5) hours per day without providing the employee with an

20  uninterrupted meal period of not less than thirty (30) minutes, except that if the total

21  work period per day of the employee is not more than six (6) hours, the meal period

22  may be waived by mutual consent of both the employer and the employee.

23      41.    At all times herein set forth, California Labor Code § 512(a) further

24  provides that an employer may not require, cause or permit an employee to work for

25  a period of more than ten (10) hours per day without providing the employee with a

26  second uninterrupted meal period of not less than thirty (30) minutes, except that if

27  the total hours worked is no more than twelve (12) hours, the second meal period

28  may be waived by mutual consent of the employer and the employee only if the first

1  meal period was not waived.

2     42.    During the relevant time period, Plaintiff and the other members of the

3  class who were scheduled to work for a period of time no longer than six (6) hours,

4  and who did not waive their legally-mandated meal periods by mutual consent, were

5  required to work for periods longer than five (5) hours without an uninterrupted

6  meal period of not less than thirty (30) minutes.

7     43.    During the relevant time period, Plaintiff and the other class members who

8  were scheduled to work for a period of time in excess of six (6) hours were required

9  to work for periods longer than five (5) hours without an uninterrupted meal period

10  of not less than thirty (30) minutes.

11     44.    During the relevant time period, Plaintiff and other members of the class

12  who were scheduled to work in excess of ten (10) hours but not longer than twelve

13  (12) hours, and who did not waive their legally-mandated meal periods by mutual

14  consent were required to work in excess of ten (10) hours without receiving a

15  second uninterrupted meal period of not less than thirty (30) minutes.

16     45.    During the relevant time period, Plaintiff and the other class members who

17  were scheduled to work for a period of time in excess of twelve (12) hours were

18  required to work for periods longer than ten (10) hours without a second

19  uninterrupted meal period of not less than thirty (30) minutes.

20     46.    During the relevant time period, Defendants willfully required Plaintiff

21  and other members of the class to work during meal periods and failed to

22  compensate Plaintiff and members of the class for work performed during meal

23  periods.

24     47.    Defendants' conduct violates applicable Industrial Welfare Commission

25  Wage Orders, and California Labor Code §§ 226.7 and 512(a).

26     48.    Pursuant to California Labor Code § 226.7(b), Plaintiff and other members

27  of the class are entitled to recover from Defendants one additional hour of pay at the

28  employees' regular hourly rate of compensation for each work day that the meal

1 | period was not provided.

2 |    49.   Plaintiff is informed and believes that Defendants are guilty of oppression,

3 | fraud, or malice, thereby warranting an award of punitive damages against

4 | Defendants for the sake of example, and to punish Defendants and deter others from

5 | engaging in similar misconduct.

### FOURTH CAUSE OF ACTION

### Violation of California Labor Code § 226.7

### (Against all Defendants)

9 |    50.   Plaintiff incorporates by reference and re-alleges as if fully stated herein

10 | the material allegations set out in paragraphs 1 through 49.

11 |    51.   At all times herein set forth, the California Industrial Welfare Commission

12 | Order and California Labor Code § 226.7 was applicable to Plaintiff's and other

13 | class members' employment by Defendants.

14 |    52.   At all times herein set forth, California Labor Code § 226.7 provides that

15 | no employer shall require an employee to work during any rest period mandated by

16 | an applicable order of the California Industrial Welfare Commission.

17 |    53.   During the relevant time period, Defendants required Plaintiff and other

18 | members of the class to work in excess of four (4) hours without providing a ten

19 | (10) minute rest period.

20 |    54.   During the relevant time period, Defendants required Plaintiff and other

21 | members of the class to work an additional four (4) hours without providing a

22 | second ten (10) minute rest period.

23 |    55.   During the relevant time period, Defendants willfully required Plaintiff

24 | and other members of the class to work during rest periods and failed to compensate

25 | Plaintiff and members of the class for work performed during rest periods.

26 |    56.   Defendants' conduct violates applicable Industrial Welfare Commission

27 | Wage Orders, and California Labor Code § 226.7.

28 |    57.   Pursuant to California Labor Code § 226.7(b), Plaintiff and other members

1   of the class are entitled to recover from Defendants one additional hour of pay at the

2   employee's regular hourly rate of compensation for each work day that the rest

3   period was not provided.

4       58.    Plaintiff is informed and believes that Defendants are guilty of oppression,

5   fraud, or malice, thereby warranting an award of punitive damages against

6   Defendants for the sake of example, and to punish Defendants and deter others from

7   engaging in similar misconduct.

8   **FIFTH CAUSE OF ACTION**

9   **Violation of <u>California Labor Code</u> § 226(a)**

10   **(Against all Defendants)**

11       59.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

12   the material allegations set out in paragraphs 1 through 58.

13       60.    Defendants have intentionally and willfully failed to provide employees

14   with complete and accurate wage statements that include, among other things, the

15   total actual number of hours worked by Plaintiff and other class members, and

16   failure to include the full name of the legal entity that is the employer.

17       61.    As a result of Defendants' violation of California <u>Labor Code</u> § 226(a),

18   Plaintiff and the other class members have suffered injury and damage to their

19   statutorily-protected rights.

20       62.    Specifically, Plaintiff and the other class members have been injured by

21   Defendants' intentional violation of <u>California Labor Code</u> § 226(a) because they

22   were denied both their legal right to receive, and their protected interest in receiving,

23   accurate, itemized wage statements under § 226(a).

24       63.    Plaintiff and the other class members are entitled to recover from

25   Defendants the greater of their actual damages caused by Defendants' failure to

26   comply with <u>California Labor Code</u> § 226(a), or an aggregate penalty not exceeding

27   four thousand dollars per employee.

28       64.    Plaintiff and the other class members are also entitled to an award of costs

-12-

1  and reasonable attorneys' fees pursuant to California Labor Code § 226(e).

2      65.    Plaintiff and the other class members are also entitled to injunctive relief

3  to ensure compliance with this section, pursuant to California Labor Code § 226(g).

4  ## SIXTH CAUSE OF ACTION

5  ### Violation of California Business & Professions Code §§ 17200, et seq.

6  ### (Against all Defendants)

7      66.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

8  the material allegations set out in paragraphs 1 through 65.

9      67.    Defendants' conduct, as alleged herein, has been, and continues to be,

10  unfair, unlawful, and harmful to Plaintiff, the other class members, and to the

11  general public.  Plaintiff seeks to enforce important rights affecting the public

12  interest within the meaning of Code of Civil Procedure § 1021.5.

13      68.    Defendants' activities as alleged herein are violations of California law,

14  and constitute unlawful business acts and practices in violation of California

15  Business & Professions Code §§ 17200, et seq.

16      69.    A violation of California Business & Professions Code §§ 17200, et seq.

17  may be predicated on the violation of any state or federal law.  In the instant case,

18  Defendants' policy and practice of requiring non-exempt or hourly employees,

19  including Plaintiff and class members, to work through their meal and rest periods

20  without paying them proper compensation violates California Labor Code §§ 226.7

21  and 512(a).  Furthermore, during the relevant time period, Defendants failed to pay

22  Plaintiff and the other class members the all wages due to them, within any time

23  period permissible by California Labor Code §§ 201 through 204.

24      70.    Plaintiff and the putative class members have been personally aggrieved

25  by Defendants' unlawful business acts and practices as alleged herein, including but

26  not necessarily limited to by the loss of money or property.

27      71.    Pursuant to California Business & Professions Code §§ 17200, et seq.,

28  Plaintiff and the putative class members are entitled to restitution of the wages

1  withheld and retained by Defendants during a period that commences four years

2  prior to the filing of this complaint; a permanent injunction requiring Defendants to

3  pay all outstanding wages due to Plaintiff and class members; an award of attorneys'

4  fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable

5  laws; and an award of costs.

6  **REQUEST FOR JURY TRIAL**

7      Plaintiff requests a trial by jury.

8  **PRAYER FOR RELIEF**

9      Plaintiff, and on behalf of all others similarly situated, prays for relief and

10  judgment against Defendants, jointly and severally, as follows:

11  Class Certification

12  1.    That this action be certified as a class action;

13  2.    That Plaintiff be appointed as the representative of the Class; and

14  3.    That counsel for Plaintiff be appointed as Class Counsel.

15  As to the First Cause of Action

16  4.    For all actual, consequential and incidental losses and damages, according

17  to proof;

18  5.    For statutory penalties pursuant to California Labor Code § 203 for

19  Plaintiff and all other class members who have left Defendants' employ;

20  6.    For reasonable attorneys' fees and for costs of suit incurred herein; and

21  7.    For such other and further relief as the Court may deem equitable and

22  appropriate.

23  As to the Second Cause of Action

24  8.    For all actual, consequential and incidental losses and damages, according

25  to proof;

26  9.    For statutory penalties pursuant to California Labor Code § 204 for

27  Plaintiff and all other class members;

28  10.    For pre-judgment interest on any untimely paid compensation, from the

-14-

1  date such amounts were due;

2      11.    For punitive and/or exemplary damages according to proof at trial;

3      12.    For reasonable attorneys' fees and costs of suit incurred herein; and

4      13.    For such other and further relief as the Court may deem equitable and

5  appropriate.

6  <u>As to the Third Cause of Action</u>

7      14.    For all actual, consequential, and incidental losses and damages, according

8  to proof;

9      15.    For wages pursuant to <u>California Labor Code</u> § 226.7(b);

10      16.    For punitive and/or exemplary damages according to proof at trial;

11      17.    For reasonable attorneys' fees and costs of suit incurred herein; and

12      18.    For such other and further relief as the Court may deem equitable and

13  appropriate.

14  <u>As to the Fourth Cause of Action</u>

15      19.    For all actual, consequential, and incidental losses and damages, according

16  to proof;

17      20.    For wages pursuant to <u>California Labor Code</u> § 226.7(b);

18      21.    For punitive and/or exemplary damages according to proof at trial;

19      22.    For reasonable attorneys' fees and costs of suit incurred herein; and

20      23.    For such other and further relief as the Court may deem equitable and

21  appropriate.

22  <u>As to the Fifth Cause of Action</u>

23      24.    For all actual, consequential and incidental losses and damages, according

24  to proof;

25      25.    For statutory penalties pursuant to <u>California Labor Code</u> § 226(e);

26      26.    For injunctive relief to ensure compliance with this section, pursuant to

27  <u>California Labor Code</u> § 226(g);

28      27.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

1  California Labor Code § 226(e); and

2      28.    For such other and further relief as the Court may deem equitable and

3  appropriate.

4                        As to the Sixth Cause of Action

5      29.    For restitution of unpaid wages to Plaintiff and all class members and

6  prejudgment interest from the day such amounts were due and payable;

7      30.    For the appointment of a receiver to receive, manage and distribute any

8  and all funds disgorged from Defendants and determined to have been wrongfully

9  acquired by Defendants as a result of violations of California Business &

10  Professions Code §§ 17200 et seq.;

11      31.    For reasonable attorneys' fees and costs of suit incurred herein that

12  Plaintiff and other class members are entitled to recover under California Code of

13  Civil Procedure § 1021.5;

14      32.    For injunctive relief to ensure compliance with this section, pursuant to

15  California Business & Professions Code §§ 17200 et seq.; and

16      33.    For such other and further relief as the Court may deem equitable and

17  appropriate.

18

19  Dated:  April 10, 2008                    Respectfully submitted,
                                             Initiative Legal Group LLP
20

21

22  By: _____
                                             Mark Yablonovich
23                                           Marc Primo
                                             Matthew T. Theriault
24                                           Lory Ishii
                                             Dina Livhits
25                                           Attorneys for Plaintiff
                                             and for Class Members
26

27

28

1

## DEMAND FOR JURY TRIAL

2        Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal

3   Rules of Civil Procedure.

4

5   Dated:  April 10, 2008                    Respectfully submitted,

6                                             Initiative Legal Group LLP

7

8

9                               ---By:  _____

10                                      Mark Yablonovich
                                        Marc Primo

11                                      Matthew T. Theriault
                                        Lory Ishii

12                                      Dina Livhits

13                                      Attorneys for Plaintiff
                                        and for Class Members

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Alicia G.  Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV08- 2582 GW (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Mark Yablonovich, Esq. (SBN 186670)
Marc Primo, Esq. (SBN 216796)
Matthew T. Theriault, Esq. (SBN 244037)
Initiative Legal Group LLP
1800 Century Park East, 2nd Flr., LA, CA 90067
(See attached ATTACHMENT TO SUMMONS)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA WILLIAMS, et al. (See attached ATTACHMENT TO SUMMONS) <br> PLAINTIFF(S) <br><br> v. <br><br> VEOLIA TRANSPORTATION SERVICES, INC., a Maryland Corporation; and DOES 1 through 10, inclusive <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV08-02582 GW (AGRx)** <br><br><br> **SUMMONS** |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  Initiative Legal Group LLP _____ , whose address is  1800 Century Park East, 2nd Floor, Los Angeles, California 90067 _____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  _____APR 1 8 2008_____

By: _____**NATALIE LONGORIA**_____

Deputy Clerk

*(Seal of the Court)*

1198

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# ATTACHMENT TO SUMMONS

## ATTORNEYS FOR PLAINTIFFS AND CLASS MEMBERS:

Mark Yablonovich (SBN 186670)
Marc Primo (SBN 216796)
Matthew T. Theriault  (SBN 244037)
Lory Ishii (SBN 242243)
Dina Livhits (SBN 245646)
Initiative Legal Group LLP
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051
Email:  MPrimo@InitiativeLegal.com

## PLAINTIFFS:

SONYA WILLIAMS, individually, and on behalf of other members of the general public similarly situated.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| SONYA WILLIAMS, individually, and on behalf of other members of the general public similarly situated | VEOLIA TRANSPORTATION SERVICES, INC., a Maryland Corporation; and DOES 1 through 10, inclusive, |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): Los Angeles County, California | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Initiative Legal Group, LLP      Telephone: 310-556-5637<br>1800 Century Park East, 2nd Floor   Los Angeles, CA 90067<br>(See attached ATTACHMENT TO CIVIL COVER SHEET) | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No        ☒ MONEY DEMANDED IN COMPLAINT: $ Exceeds 5 million dollars

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
CLASS ACTION FAIRNESS ACT ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005); 28 U.S.C §§1331-1332; 28 U.S.C.§1367; 28 U.S.C.§1391(a) and (b)
Brief Description: Diversity

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 245 Tort Product Liability | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No   ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number: _____

| CV-71 (07/05) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

CV08-02582

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

---

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑No  ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　　☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　　☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　　☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

---

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
　　Los Angeles County, California

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
　　VEOLIA TRANSPORTATION SERVICES, INC., a Maryland Corporation

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
　　Los Angeles County, plus the entire state of California

---

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _~~(signature)~~_ 　　　Date 　April 18, 2008

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

---

1

# ATTACHMENT TO CIVIL CASE COVER SHEET

2

3   ## ATTORNEYS FOR PLAINTIFFS AND CLASS MEMBERS:

4
Mark Yablonovich (SBN 186670)
5   Marc Primo (SBN 216796)
Matthew T. Theriault  (SBN 244037)
6   Lory Ishii (SBN 242243)
7   Dina Livhits (SBN 245646)
Initiative Legal Group LLP
8   1800 Century Park East, 2nd Floor
9   Los Angeles, California 90067
Telephone: (310) 556-5637
10   Facsimile: (310) 861-9051
11   Email:  MPrimo@InitiativeLegal.com

12

13   ## PLAINTIFFS:

14   SONYA WILLIAMS, individually, and on behalf of other members of the general
public similarly situated.
15

16

17

18

19

20

21

22

23

24

25

26

27

28