Gene Williams (SBN 211390)
GWilliams@InitiativeLegal.com
Melissa Grant (SBN 205633)
MGrant@InitiativeLegal.com
Arnab Banerjee (SBN 252618)
ABanerjee@InitiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:  (310) 556-5637
Facsimile:   (310) 861-9051

Michael L. Cohen (SBN 206253)
cohen@cohenmckeon.com
Heather McKeon (SBN 186414)
mckeon@cohenmckeon.com
Cohen McKeon LLP
1910 West Sunset Boulevard, Suite 440
Los Angeles, CA 90026
213. 413. 6400 (phone)
213. 403. 6405 (fax)

Attorneys for Plaintiff Sonya Williams

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA WILLIAMS, et al.<br><br>Plaintiff,<br><br>vs.<br><br>VEOLIA TRANSPORTATION SERVICES, INC., et al.,<br><br>Defendants. | Case Nos.: CV 08-02582 GW (AGRx) and CV 08-04282 GW (AGRx)<br><br>(Assigned for all purposes to the Hon. George Wu)<br><br>**PLAINTIFF SONYA WILLIAMS'S SECOND BRIEF RE SCOPE OF TRIAL**<br><br>Hearing Date: August 8, 2011<br>Hearing Time: 8:30 a.m.<br>Hearing Place: Courtroom 10<br><br>Discovery Cutoff:    None Set<br>Pretrial Conference: None Set<br>Trial Date:                None Set |


# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................... 1

II.  DISTRICT COURTS HAVE THE AUTHORITY TO MANAGE THEIR DOCKETS, SO LONG AS THEY DO NOT ABRIDGE ANY PARTIES' SUBSTANTIVE RIGHTS.......................................................... 1

III. THE TRIAL IN THIS MATTER WILL BE MANAGEABLE .................... 4

   A. Williams Is Limiting Her Action To PAGA Penalties For Non-Complaint Rest Breaks For Veolia's Fixed-Route Drivers ................... 4

   B. The Parties Can Narrow The Issues For Trial Through Summary Judgment Or Partial Summary Judgment ............................................... 5

   C. The Trial Will Be Manageable ................................................................ 5

   D. There Are Procedures Available For Making This Trial Manageable ............................................................................................... 6

      1. Fed. R. Civ. P. 16(c)(2)(L)-16(c)(2)(P) Assists in Manageability ....................................................................................... 6

      2. Fed. R. Civ. P. 32(a)(4)(E) Further Helps Make Trial of This Action Manageable ........................................................................... 7

   E. The Parties Could Use A Discovery Survey Or Depositions By Written Questions ...................................................................................... 8

IV.  CONCLUSION ..................................................................................... 8

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Alabama v. Blue Bird Body Co.*, 573 F.2d 309 (5th Cir. 1978) ............................ 2

*Alamance Industries, Inc. v. Filene's*, 291 F.2d 142 (1st Cir. 1961) ................... 2

*Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217 (9th Cir. 2006) ....................................................... 1

*Amalgamated Transit Union Local 1309 v. Laidlaw Transit Servs.*, No. 05cv1199, 2009 U.S. Dist. LEXIS 7171 (S.D. Cal. Feb. 2, 2009) ................................................................................................... 5, 6

*Amarel v. Connell*, 102 F.3d 1494 (9th Cir. 1997) ............................................... 7

*Bobrosky v. Vickers*, 170 F.R.D. 411 (W.D. Va. 1997) ........................................ 8

*Celotex Corp. v. Catrett*, 477 U.S. 31, 106 S. Ct. 2548 (1986) ............................ 3

*General Signal Corp. v. MCI Telecomm. Corp.*, 66 F.3d 1500 (9th Cir. 1995) ........................................................................................................ 7

*Johnson v. Ashby*, 808 F. 2d 676 (7th Cir. 1987) ................................................. 7

*McKenzie v. Federal Express Corp.*, --F.2d--, Case No. 10-02420, 2011 U.S. Dist. LEXIS 48707 (C.D. Cal. April 14, 2011) ................................ 4

*Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992) .......................................... 3

*Monotype Corp. PLC v. International Typeface Corp.*, 43 F.3d 443 (9th Cir. 1994) ................................................................................................ 2, 3

*Navellier v. Sletten*, 263 F.3d 923 (9th Cir. 2001) ............................................... 7

*Norse v. City of Santa Cruz*, 629 F.3d 966 (9th Cir. 2010) ................................. 3

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 S.Ct. 2380 (1978) ................ 3

*Owen v. Angst (In re Angst)*, 428 B.R. 776 (Bankr. N.D. Ohio 2010) ................. 8

*Portsmouth Square, Inc. v. Shareholders Protective Comm.*, 770 F.2d 866 (9th Cir. 1985) ............................................................................... 3

*Rivera v. NIBCO, Inc.*, 384 F.3d 822 (9th Cir. 2004) .......................................... 3

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    *Shoen v. Shoen*, 5 F.3d 1289 (9th Cir. 1993) .................................................. 3

2    *Stevenson v. Melady*, 1 F.R.D. 329 (S.D.N.Y. 1940) ........................................ 3

3    *Wal-Mart Stores, Inc. v. Dukes et al.*, 564 U.S. ___, No. 10–277,
4        2011 WL 2437013 (June 20, 2011) ................................................................ 1

5    *Wilhoite v. Olin Corp.*, No. CV-83-C-5021-NE (N.D. Ala. filed Jan.
6        11, 1983) ........................................................................................................ 8

**FEDERAL STATUTES**

28 U.S.C. § 2072(b) .............................................................................................. 2

Fed. R. Civ. P. 16 ............................................................................................. 3, 6

Fed. R. Civ. P. 16(c)(2) ......................................................................................... 1

Fed. R. Civ. P. 16(c)(2)(L) .................................................................................... 6

Fed. R. Civ. P. 16(c)(2)(M) ................................................................................... 6

Fed. R. Civ. P. 16(c)(2)(N) ................................................................................ 6, 7

Fed. R. Civ. P. 16(c)(2)(O) ................................................................................ 6, 7

Fed. R. Civ. P. 16(c)(2)(P) ................................................................................ 6, 7

Fed. R. Civ. P. 31 .................................................................................................. 8

Fed. R. Civ. P. 32 .................................................................................................. 7

Fed. R. Civ. P. 32(a)(4) ......................................................................................... 7

Fed. R. Civ. P. 32(a)(4)(E) .................................................................................... 7

Fed. R. Civ. P. 1006 .............................................................................................. 8

**STATE STATUTES**

Cal. Lab. Code § 226.7 .......................................................................................... 5

Cal. Lab. Code § 226.7(a) ..................................................................................... 5

Cal. Lab. Code § 2699 ........................................................................................... 4

Cal. Lab. Code § 2699(a) ................................................................................... 4, 5

Cal. Lab. Code § 2699.3 ........................................................................................ 5

Cal. Lab. Code § 2699.5................................................................................................ 5

Cal. Lab. Code Priv. Attys. Gen. Act (PAGA)........................................... *passim*

**SECONDARY AUTHORITIES**

Reference Manual on Scientific Evidence (2d ed.) (Fed. Jud. Cntr.
   2000) ...................................................................................................... 10

1  **I.     INTRODUCTION**

2     At the June 9th status conference regarding the scope of the trial, the Court

3  asked Plaintiff Sonya Williams's counsel to address the following issues:

4     (1)   The Court's discretion to limit the PAGA trial in light of the Court's

5           ruling on class certification.  *See* Reporters Transcript of

6           Proceedings, June 9, 2011 ("Rep's. Tr."), at 9:2-7, 13:14-17.

7     (2)   How the PAGA case can go forward in light of the Court's ruling on

8           class certification.  *See* Rep's Tr., at 13:14-17, 14:12-15.

9  Williams addresses these issues, in that order, below.

10 **II.    DISTRICT COURTS HAVE THE AUTHORITY TO MANAGE THEIR DOCKETS AS LONG AS THEY DO NOT ABRIDGE ANY PARTY'S SUBSTANTIVE RIGHTS.**

13    District courts have the inherent power to manage their dockets, including the use of numerous procedural tools to make complicated trials more manageable.  *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1226 (9th Cir. 2006).  Indeed,

> Rule 16, the central pretrial rule, authorizes a court to manage cases so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated.  It recognizes "the need for adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems."

*Allen*, 460 F.3d at 1226 (quoting Fed. R. Civ. P. 16(c)(2)).  "The goal is to get cases decided on the merits of issues that are truly meritorious and in dispute." *Id.*

   But courts may not craft a trial, structure the litigation, or limit discovery in a way that prevents either party from asserting its substantive rights to a claim or to an affirmative defense.  *See Wal-Mart Stores, Inc. v. Dukes et al.*, 564 U.S. ___, No. 10–277, 2011 WL 2437013, at * 15 (June 20, 2011) (stating that "a

class cannot be certified on the premise that [the defendant] will not be entitled to litigate its statutory defenses to individual claims"). While the Federal Rules of Civil Procedure and the Federal Rules of Evidence may be used to manage trials and discovery, "[s]uch rules shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). Moreover, a "court has no power to define differently the substantive rights of individual plaintiffs as compared to class plaintiffs." *Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 317 (5th Cir. 1978).

In its Brief re the Scope of the Trial, Veolia argued for restricting discovery and implicitly the trial of this matter to fixed-route bus drivers working on the Antelope Valley Transit Authority contract (AVTA) only, which is tantamount to requesting that this Court dismiss *sua sponte* the majority of Williams's PAGA action. But a court may not dismiss a claim or deny discovery simply to make a complicated trial more manageable or more efficient. As the First Circuit stated:

> Courts exist to serve the parties, and not to serve themselves, or to present a record with respect to dispatch of business. Complaints heard as to the law's delays arise because the delay has injured litigants, not the courts. *For the court to consider expedition for its own sake 'regardless' of the litigants is to emphasize secondary considerations over primary.*

*Alamance Industries, Inc. v. Filene's*, 291 F.2d 142, 145-46 (1st Cir. 1961) (emphasis added) (reversing dismissal of a claim in purported furtherance of the public interest where the plaintiff had been dilatory in prosecuting the case that had been on the court's docket for fourteen months); *see also Monotype Corp. PLC v. International Typeface Corp.*, 43 F.3d 443, 451 (9th Cir. 1994) ("A crowded docket does not justify an infringement on the right to reasonably develop a case.").

Foreclosure of discovery necessary to prosecuting a claim has the same practical effect as dismissing the claim outright. As the *Monotype* court

explained, the right to develop a case is fundamental and should not be infringed merely because of a crowded docket. *See Monotype*, 43 F.3d at 451. "[W]ide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Rivera v. NIBCO, Inc.*, 384 F.3d 822, 824 (9th Cir. 2004) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). Indeed, discovery should not be limited to the issues raised only in the pleadings, "for discovery itself is designed to define and clarify the issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389 (1978)).

> To limit an examination to matters relevant to only the precise issue presented by their pleadings, would not only be contrary to the express purpose of Rule 26...., but also might result in a complete failure to afford plaintiff an adequate opportunity to obtain information that would be useful at the trial.

*Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992) (quoting *Stevenson v. Melady*, 1 F.R.D. 329, 330 (S.D.N.Y. 1940)).

Further, Rule 16 does not authorize *sua sponte* dismissals or summary judgment where, as here, there are disputed issues of material fact and the party against whom judgment is sought "has not had an opportunity to make *full discovery*" in order to develop and present the facts and legal arguments in support of its position.[1] *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S. Ct. 2548, 2554 (1986) (emphasis added); *Norse v. City of Santa Cruz*, 629 F.3d 966, 972-73 (9th Cir. 2010) (holding it an abuse of discretion to grant sua sponte summary judgment against a party who did not have a full and fair opportunity to ventilate the issues through discovery); *Portsmouth Square, Inc. v. Shareholders Protective Comm.*, 770 F.2d 866, 869 (9th Cir. 1985) (affirming

---

[1] As set forth in Sonya Williams's Brief re the Scope of Trial and Objections to Magistrate Judge's May 11, 2011 Order Limiting Discovery and in her Responsive Brief re same, Plaintiff seeks discovery, commensurate with the scope of her PAGA action, as to the identity and contact information of Veolia's fixed-route bus drivers under all of Veolia's 16 transportation contracts, not just the AVTA and the Orange County Transit Authority contracts as the Magistrate Judge ruled in her May 11, 2011 order.

summary judgment entered sua sponte at the final pretrial conference where the party against whom judgment was entered "had a full opportunity to develop the facts in support of its case" and "[its] discovery was complete at the time of the pretrial proceedings").

In sum, district courts have the authority and tools to manage their dockets, provided they do not abridge the parties' substantive rights. Here, the substantive right is Williams's right under California Labor Code Section 2699 to stand in the shoes of California's Labor Workforce Development Agency and to recover penalties on behalf of the State of California for certain Labor Code violations on behalf of all aggrieved employees at Veolia. *See Arias v. Superior Court,* 46 Cal. 4th 969, 980-88 (2009); *see also McKenzie v. Federal Express Corp.*, --F.2d--, Case No. 10-02420, 2011 U.S. Dist. LEXIS 48707 (C.D. Cal. April 14, 2011) (holding a PAGA claim to be a "wholly independent claim"). This right provides the outer limit to this Court's discretion.

As Williams explains below, however, she has narrowed the scope of her claim to ensure that the trial in this case is manageable.

### III. THE TRIAL IN THIS MATTER WILL BE MANAGEABLE

#### A. Williams Is Limiting Her Action To PAGA Penalties For Non-Complaint Rest Breaks For Veolia's Fixed-Route Drivers

Williams was a bus driver for a fixed route under Veolia's contract with the AVTA. Even though California Labor Code Section 2699 allows her to recover PAGA penalties for herself and for all potentially aggrieved employees at Veolia,[2] in an effort to make the trial more manageable, she is seeking to

---

[2] Labor Code Section 2699(a) of the Private Attorneys General Act of 2004 (PAGA) provides in pertinent part:
> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency . . . for violation of this code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on

recover PAGA penalties *only* for herself and for other fixed-route bus drivers, and only for rest break violations of Labor Code Section 226.7(a).[3]

Williams's claims here are similar to the plaintiffs' claims in *Amalgamated Transit Union Local 1309 v. Laidlaw Transit Servs.*, No. 05cv1199, 2009 U.S. Dist. LEXIS 7171 (S.D. Cal. Feb. 2, 2009), which this Court cited in its ruling on class certification. As this Court noted, the court in *Amalgamated* had identified a common policy or procedure regarding the defendant's meal and rest periods for its employees, and this policy or procedure was "'subject to common proof, including evidence of schedules, a sample of the actual route times, and driver testimony.'" Order on Class Certification, Doc. 76, March 20, 2009, at 5 n.4 (discussing and quoting from *Amalgamated*). Williams believes the same holds true for Veolia's policies and practices for rest breaks for its fixed-route bus drivers.

### B. The Parties Can Narrow The Issues For Trial Through Summary Judgment Or Partial Summary Judgment

Williams believes that if she is allowed to conduct adequate discovery, the evidence will establish that Veolia had rest-break practices for all, or almost all of its fixed-route drivers, that failed to comply with the California Labor Code as a matter of law. The parties can narrow the issues for trial through judicious use of motions for summary judgment or partial summary judgment.

### C. The Trial Will Be Manageable

The Court has yet to rule on the parties' dispute regarding the scope of discovery that Williams will be permitted. That necessarily will affect the scope

---

behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

Cal. Lab. Code § 2699(a).

[3] Pursuant to Labor Code Section 2699.5 of PAGA, the provisions of Labor Code Section 2699.3 apply to any violation of Labor Code Section 226.7. Cal. Lab. Code § 2699.5. Labor Code Section 226.7(a) provides in pertinent part: "No employer shall require any employee to work during any . . . rest period mandated by an applicable order of the Industrial Welfare Commission."

of the trial and what evidence the parties will need to offer. But it will not affect the manageability of the trial.

Consider first the issues to be tried if Williams is able to prove that Veolia's rest-break practices for its fixed-route drivers on all 16 of Veolia's transportation contracts, or at least for most of them, fail to comply with the California Labor Code as a matter of law. In that instance, the only issues left for trial would be the total number of PAGA violations and the appropriate penalty to be imposed for each violation. The number of violations could be determined from Veolia's employment records. The appropriate penalty to be imposed would be a mixed question of law and fact, and the facts would be established through Veolia's own records and through testimony from Veolia's agents and employees.

The trial will be manageable even if Williams must prove that Veolia's rest-break practices are non-compliant at trial. Similar to the plaintiffs' claims in *Amalgamated*, Veolia's PAGA claim is subject to common proof, including evidence of the schedules for the fixed routes (Veolia's business records), samples of actual route times (through Veolia's business records or through fact or expert witnesses), and driver testimony (live or through deposition).

### D. There Are Procedures Available For Making This Trial Manageable

#### 1. Fed. R. Civ. P. 16(c)(2)(L)-16(c)(2)(P) Assists in Manageability

Rule 16 of the Federal Rules of Civil Procedure grants this Court considerable latitude to fashion procedures to make a case manageable. A court may adopt "special procedures for managing potentially difficult or protracted actions that may involve complex issues . . . or unusual proof problems." Fed. R. Civ. P. 16(c)(2)(L). A court may order separate trials for particular issues. Fed. R. Civ. P. 16(c)(2)(M). A court may order "the presentation of evidence early in

the trial on a manageable issue that might, on the evidence, be the basis for a judgment as a matter of law under Rule 50(a) or a judgment on partial findings under Rule 52(c)." Fed. R. Civ. P. 16(c)(2)(N). A court may impose reasonable limits on the time allowed to present evidence. Fed. R. Civ. P. 16(c)(2)(O).[4] Finally, a court may "take appropriate action" "in other ways" that facilitate "the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(P).

### 2. Fed. R. Civ. P. 32(a)(4)(E) Further Helps Make Trial of This Action Manageable

Parties typically may not present deposition testimony at trial unless the witness is "unavailable" under Rule 32. Fed. R. Civ. P. 32(a)(4) (defining "unavailable witness"). Under Rule 32(a)(4)(E), however, a Court may admit deposition testimony in evidence regardless of whether the witness is "unavailable."

Rule 32(a)(4)(E) reads as follows:

> A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.

The broad scope of relief that California's PAGA statute authorizes creates

---

[4] "While trial courts have discretion to expedite the completion of trials, 'they must not adhere so rigidly to time limits as to sacrifice justice in the name of efficiency.'" *Navellier v. Sletten*, 263 F.3d 923, 941 (9th Cir. 2001) (quoting *General Signal Corp. v. MCI Telecomm. Corp.*, 66 F.3d 1500, 1509 (9th Cir. 1995)); *see also Johnson v. Ashby*, 808 F. 2d 676, 678 (7th Cir. 1987) ("It may be an abuse of the trial court's discretion to exclude probative, non-cumulative evidence simply because its introduction will cause delay, and any time limits formulated in advance of trial must be fashioned with this in mind."). Thus, "[r]igid and inflexible hour limits on trials . . . are generally disfavored." *Amarel v. Connell*, 102 F.3d 1494, 1513 (9th Cir. 1997). In *Amarel*, the court was both reasonable and flexible in imposing time limits, in that it based the limits imposed on the parties' estimated trial length and then allowed each party additional time because the court believed the parties had underestimated the time needed. *Id.*

"exceptional circumstances" under Rule 32(a)(4)(E). The parties therefore could streamline witness testimony by presenting their testimony exclusively, or at least predominantly, through depositions. *Cf.*, *e.g.*, *Owen v. Angst (In re Angst)*, 428 B.R. 776, 781 (Bankr. N.D. Ohio 2010) (permitting use of deposition testimony in lieu of live testimony upon the stipulation of the parties, even without otherwise establishing "exceptional circumstances"); *Bobrosky v. Vickers*, 170 F.R.D. 411 (W.D. Va. 1997) (same).

### 3. The Parties Could Use A Discovery Survey Or Depositions By Written Questions

The tools used to manage mass torts litigation provide a useful model for this case. For example, in *Wilhoite v. Olin Corp.*, No. CV-83-C-5021-NE (N.D. Ala. filed Jan. 11, 1983), the plaintiffs and defendants jointly drafted a discovery survey that was administered in person by neutral third parties, thus replacing interrogatories and depositions. "It resulted in substantial savings in both time and cost." *See* Reference Manual on Scientific Evidence (2d ed.) (Federal Judicial Center 2000), at 235 (discussing *Wilhoite*).

The parties could do something similar here. They could jointly draft a discovery survey to be administered by a neutral third party. Or they could jointly draft a series of questions to be administered through depositions by written questions under Rule 31 of the Federal Rules of Civil Procedure. The resulting testimony would be admissible under Rule 32(a)(4)(E). Furthermore, if the questions are properly crafted and administered, the results could be reduced to a summary that is itself admissible in evidence under Rule 1006 of the Federal Rules of Evidence.

### IV. CONCLUSION

California's PAGA statute requires a more thoughtful approach to case and trial management than a typical one-plaintiff-versus-one-defendant lawsuit. Nevertheless, the procedural issues that Williams's PAGA claim presents are not

novel or unique. They are similar to the issues posed by mass torts and by qui tam actions, and courts have been using the existing rules and their creativity to successfully litigate and try such claims for decades. Thoughtful and creative application of the rules can be similarly successful in this case.

Dated: June 30, 2011

Respectfully submitted,

Initiative Legal Group APC

By: /S/ Melissa Grant
Gene Williams
Melissa Grant
Arnab Banerjee

Attorneys for Plaintiff Sonya Williams